UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUIS BONILLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-04327-SEB-MJD |
| | ) |
| MARK SEVIER, et al. | ) |
| | ) |
| Defendants. | ) |

**Entry Granting *In Forma Pauperis* Status, Dismissing
Complaint, and Directing Further Proceedings**

**I.**

On February 8, 2018, the plaintiff filed a motion for extension of time to pay filing fee. In that motion, the plaintiff provided information that demonstrates his inability to pay even a partial filing fee at this time. For this reason, the plaintiff is granted *in forma pauperis* status. The **clerk is directed to** terminate the motion at dkt. [9].

**II.**

The plaintiff is a prisoner currently incarcerated at Westville Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The complaint alleges that on the morning of August 29th, 2015, while Mr. Bonilla was housed at Pendleton Correctional Facility ("Pendleton"), Mr. Bonilla awoke not feeling well. Around 8:30 am, a correctional officer found Mr. Bonilla lying on the ground. He was transported to the facility hospital where he was given a shot because facility medical staff did not know what was wrong with him. After further examination, they believed he may have overdosed. He was transported to St. Vincent Hospital, subjected to drug testing, and returned to Pendleton. He received a disciplinary write-up for using controlled substances, but the hospital drug test results all came back negative. Nevertheless, Mr. Bonilla is being forced to pay restitution for the drug testing and medical costs associated with his transportation to, and treatment at, St. Vincent Hospital.

Although Mr. Bonilla's complaint potentially raises a viable due process claim under the Fourteenth Amendment, his complaint does not make any factual allegations against any of the individual defendants. He has therefore failed to state a claim against these defendants. *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017). The only defendant mentioned in the complaint is Corizon Medical. Mr. Bonilla asserts that Corizon Medical should be responsible for providing medical treatment to inmates and paying for outside medical treatment, but this allegation is insufficient to raise a claim. Because Corizon Medical acted under color of state law by contracting

to perform a government function, i.e., providing medical care to correctional facilities, it is treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Therefore, to state a cognizable claim against Corizon Medical, Mr. Bonilla must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Corizon Medical. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009).

### III.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal. The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through March 26, 2018,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury. The plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The plaintiff is further

notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

Any amended complaint should have the proper case number, 1:17-cv-04327-SEB-MJD and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED**.

Date: 2/20/2018

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LUIS BONILLA
190174
Westville Correctional Facility
5501 South 1100 West
Electronic Service Participant – Court Only